FRANK FEINER, Respondent, v. RUDOLPH PUETZ, Appellant.

St. Louis Court of Appeals, December 13, 1898.

1. **Notes Indorsed for Collection**: POWER TO SELL: PRESUMPTION. The presumption is that the power to collect the notes did not include the right to sell them and the burden of showing a greater authority than that to be inferred from the employment itself, rested with the plaintiff.

2. ———: ———: EVIDENCE OF DEFENDANT. In the case at bar the plaintiff's evidence fell short of showing the power to sell the notes in question, but the cross-examination of defendant's witnesses supplied the missing link.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

AFFIRMED.

RESSIEUR & BUDER for respondent.

A defendant, by introducing evidence after his demurrer to plaintiff's case has been overruled, waives the demurrer and takes the risk of supplying any defect in plaintiff's case. Bowen v. Railway, 95 Mo. 268 (275); Guenther v. Railway, 95 Mo. 286 (289); Eswin v. Railway, 96 Mo. 290; Hilz v. Railway, 101 Mo. 36; Jennings v. Railway, 112 Mo. 268. The evidence shows that Mr. Evans had authority to transfer the Puetz notes. At any rate his transfer thereof was subsequently ratified by the principal. Smith v. Johnson, 71 Mo. 382. The evidence does not show that Mr. Feiner paid or intended to pay the Puetz notes. To hold that his purchase of the notes amounted to a payment, would release the debtor from the payment of his just liabilities, which he frankly admits he has never paid nor requested any one to pay for him.

B. O. DAVIDSON for appellant.

The demurrer to the evidence should have been sustained, there being no evidence whatever offered by plaintiff that J. W. Evans, attorney at law, had the authority to sell and transfer the notes and mortgage. Groll v. Tower, 85 Mo. 249. The court erred in rendering judgment for the plaintiff and against defendant, under the evidence given, for the reason that no authority was shown in J. W. Evans, attorney at law, to sell and transfer the notes and mortgage. Freeman v. Burress, 1 Mo. App. Rep. No. 6, p. 151; Smith v.

Johnson, 71 Mo. 382; Goodfellow v. Landis, 36 Mo. 168. The court erred in refusing to render judgment for defendant for the possession of the property described in the petition, or for the value of the same and for the value of the use of said property.

BIGGS, J.—The plaintiff claims to be the owner by purchase and assignment of two notes executed by defendant and which were secured by a mortgage on certain chattels. The mortgage does not contain a power of sale. The plaintiff took possession of the property under the mortgage, and he brings this suit to obtain judgment on the notes and for a decree of foreclosure of the mortgage and a sale of the mortgaged property to satisfy the judgment. The defendant denied that plaintiff was the owner of the notes and he averred that they had been paid. The case was submitted to the court without a jury. No exceptions were saved as to the evidence, and no instructions were asked or given. The judgment was for the plaintiff. The defendant has appealed.

The contention here is that the judgment is not supported by the evidence.

The notes in controversy were drawn in favor of the Davis & Egan Machine Tool Company, a corporation, whose home office is in the state of Ohio. The company maintains a branch house in the city of St. Louis, which is under the management of one J. W. Wright. The latter sold certain machinery to the defendant to be paid for in instalments. The notes in suit were given for two of the instalments, and to secure the notes a mortgage (which is the one sought to be foreclosed) was executed by the defendant on the machinery so sold. One of the notes matured June 1, 1897, and the other September 1, 1897. The notes were indorsed in blank by the Tool Company and left

with Wright. The latter placed them in the hands of J. W. Evans, an attorney at law, with instructions to enforce their collection. At the same time the defendant was also indebted to the plaintiff. The latter obtained a judgment on his indebtedness and he had an execution issued and levied upon the mortgaged property. On the day of the sale under the execution, to wit, August 28, 1897, Evans and Wright attended the sale and they notified plaintiff of the claim of the Tool Company and of their intention to take possession of the property under the mortgage. Thereupon it was agreed between Evans and plaintiff that the latter should purchase the notes in order that he might protect his interest under his judgment and execution. This was done and Evans wrote over the blank assignments on the notes the words "without recourse," and delivered them and the mortgage to plaintiff. The sale under the execution was abandoned, and the plaintiff took possession of the property under the mortgage.

The foregoing facts are undisputed. The controversy is as to the authority of Evans to negotiate the notes. *Prima facie* he had no such authority. The presumption is that the power to collect the notes did not include the right to sell them, and the burden of showing a greater authority than that to be inferred from the employment itself, rested with the plaintiff. The contention is that there was no such evidence. It is true that the plaintiff's evidence fell short on this point, but the cross-examination of defendant's witnesses supplied the missing link. Evans would not say positively that he had authority to sell the notes, but the just and reasonable inference to be drawn from his cross-examination is, that he had the right to do as he pleased, provided he got the money for his client, and did not subject it to any liability as an indorser. Wright testified on his cross-examination that in the

collection of the notes Evans had authority to act "just as he saw fit." Under the testimony of these witnesses the court was justified in its finding, and we are powerless to disturb it. The judgment will be affirmed.

All concur.